UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DENNIS GUY ERDMAN,**

    **Petitioner,**

                                Case No: 99-CV-74336
                                Honorable John Corbett O'Meara

v.

**ROBERT KAPTURE,**

    **Respondent.**

_____

## MEMORANDUM OPINION & ORDER STRIKING PLEADINGS

### Introduction

Petitioner has filed a series of motions following this Court dismissal of his habeas corpus petition on June 27, 2000. For the reasons set forth below, each motion is stricken from the record.

### Discussion

Petitioner, Dennis Erdman, filed a *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner's habeas corpus petition stemmed from a 1989 conviction for vehicular manslaughter. Specifically, the habeas petition that was before this Court involved 5 issues: (1) Petitioner's challenge to a 1989 misdemeanor drunk driving conviction which he alleges resulted in an improper enhancement of his sentence for the vehicular manslaughter conviction; (2) involuntary guilty plea; (3) double jeopardy; (4) ineffective assistance of trial counsel; and (5) denial of Petitioner's appeal of right. The Court found that it did not have jurisdiction to consider Petitioner's claims. Despite this fact, the Court engaged in an alternative analysis of Petitioner's claims on the merits and found that Petitioner would remain unentitled to relief. Petitioner then filed several motions in an effort to challenge this Court's ruling, all of which were denied.

Petitioner subsequently sought relief from the Sixth Circuit, which affirmed this Court's decision. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, to which the Court denied relief.  Now, Petitioner has filed the following motions in another attempt to revive his claims: (1) motion for relief from judgment; (2) motion for leave to file amended habeas corpus petition; (3) motion for order to show cause; (4) motion for evidentiary hearing; and (5) motion to appoint counsel.

As further background, Petitioner has filed 33 various actions with this court in the areas of prisoner civil rights, habeas corpus or other civil matters.  The habeas corpus matters in one respect or another relate to the 1989 vehicular manslaughter conviction.

Petitioner claims that his relief from judgment motion does not challenge this Court's June 27, 2000 order of dismissal on the merits, but rather calls into question an alleged procedural defect with the Court's reasoning when it denied habeas relief. The reason it is important for Petitioner's relief from judgment motion to challenge a procedural issue as opposed to the merits of the June 27, 2000 Opinion is due to the United Supreme Court ruling in *Gonzalez v. Crosby,* _U.S._,_, 125 S.Ct. 2641(2005), which sets forth when a petition is considered  successive and therefore transferable to the Sixth Circuit due to this Court's lack of jurisdiction.  *Gonzalez* states in pertinent part:

> a Rule 60(b)(6) motion in a §2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims or error in the movant's state conviction. A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to §2244(b)(3).

*Gonzalez v. Crosby,* _U.S.__,__, 125 S.Ct. 2641, 2651 (2005).

Another reason Petitioner needs to carefully frame the argument he presents in his motion for relief from judgment and in his proposed amended habeas petition is because the Sixth Circuit

has banned Petitioner from filing any additional documents with this Court or with the Sixth which challenge his 1989 conviction and sentence for vehicular manslaughter. The Sixth Circuit stated as follows:

> By order of this court filed 9/12/02 in case 02-1529, Mr. Erdman was "prohibited from filing ANY document with this court or the district court challenging his convictions. The clerk of this court and the clerk of the district court are ORDERED not to accept for filing ANY document or action relating to Erdman's convictions and sentences."

*In re Erdman,* No. 02-1529 (6th Cir. Sept. 12, 2002). The Sixth Circuit subsequently acknowledged Petitioner's litigious nature in another case as follows:

> Erdman is a frequent litigant whose numerous attempts to persuade the courts to overturn his conviction for manslaughter have been unsuccessful. His attempts have been so numerous that this court has issued an order prohibiting Erdman from filing any document in the federal district courts or in this court challenging his convictions and sentences.

*Erdman v. Robinson,* 115 Fed. Appx. 778 (Sept. 20, 2004) (unpublished); citing *In re Erdman,* No. 02-1529 (6th Cir. Sept. 12, 2002).

Petitioner asserts in his relief from judgment motion that the Court erroneously used the harmless error standard (i.e., the alleged procedural defect) in determining whether or not Petitioner's 1989 misdemeanor offense should have been included as a conviction for sentence enhancement purposes. Petitioner also filed a request to amend his habeas petition and within the text of the petition, Petitioner challenges the 1989 36th District Court misdemeanor drunk driving conviction, as opposed to the 1989 vehicular manslaughter conviction.

Despite Petitioner's efforts to persuade the Court that his relief from judgment motion is not successive and that he is not attempting to challenge his 1989 vehicular manslaughter conviction and/or sentence, the Court does not find Petitioner's argument convincing. This Court already

disposed of Petitioner's claim which challenged his misdemeanor drunk driving conviction in the Court's June 27, 2000 Opinion. The Court also resolved Petitioner's claim that the misdemeanor drunk driving conviction enhanced his vehicular manslaughter sentence, which is an argument alluded to in Petitioner's relief from judgment motion. This Court has ruled as follows:

> "To constitute enhancement, a petitioner must show that 'if he prevails in challenging his prior expired convictions, the sentence that he is currently serving will be reduced.'" *Harvey v. Shillinger,* 76 F.3d 1528, 1536 (10th Cir. 1996)(quoting *Collins v. Hesse,* 957 F.2d 746, 748 (10th Cir. 1992). Petitioner has not shown that, if he prevailed on his challenge to his 1989 OUIL misdemeanor conviction, his six to fifteen year sentence for vehicular manslaughter would be reduced. Petitioner also contends that his 1989 OUIL conviction adversely affects his parole consideration prospects. However, even if his 1989 OUIL conviction was overturned the parole board would be entitled to consider the proven, admitted behavior which now underlies this conviction.. Petitioner has not shown that his parol consideration prospects would be significantly improved if the parol board could only consider this behavior and not the conviction as such. Consequently, this Court concludes that Petitioner's current sentence has not been "enhanced" in any manner by his 1989 OUIL conviction. Therefore, Petitioner is not in custody" for purposes of his challenge to his 1989 OUIL conviction. Accordingly, this Court does not have jurisdiction to consider Petitioner's claims further. " *Harvey v. Shillinger,* 76 F.3d 1536-37 (10th Cir. 1996) . . . Alternatively, assuming for the sake of argument that this Court has jurisdiction to consider the merits of Petitioner's claims, he would nonetheless not be entitled to relief.

*Erdman v. Kapture*, 99-74336 (E.D. Mich., June 27, 2000). Both of Petitioner's claims regarding the misdemeanor drunk driving conviction and the sentence enhancement issue are directly related to Petitioner's sentence for the vehicular manslaughter, as he is challenging the misdemeanor drunk driving conviction because he claims it enhanced his vehicular manslaughter sentence. Part of his request for relief in his proposed amended habeas petition is to "vacate, expunge and set aside Petitioner's 1989 OUIL conviction and records . . . " The entire objective for seeking such relief is directly related to Petitioner's attempt: (1) to have his sentence reduced as it relates to the 1989 vehicular manslaughter conviction; (2) to receive favorable parole consideration, as it relates to the

vehicular manslaughter conviction; and (3) to reinstate his habeas action as it relates to the vehicular manslaughter conviction.

Therefore, the Court finds that Petitioner's claims as set forth in his motion for relief from judgment and his proposed amended habeas petition have not only been ruled upon already, but are a circuitous attempt to: (1) avoid transfer to the Sixth Circuit; and (2) file pleadings with the Court that do not *directly* challenge his vehicular manslaughter conviction and sentence. The Court is not persuaded and finds that the pending motions presently before the Court "relate" to Petitioner's conviction and sentence in the spirit of the Sixth Circuit's September 12, 2002 Order regarding Petitioner's court filing restrictions. Accordingly, the motions are hereby stricken from the record.

## **Conclusion**

For the foregoing reasons, the Court concludes that Petitioner's (1) motion for relief from judgment; (2) motion for leave to file amended habeas corpus petition; (3) motion for order to show cause; (4) motion for evidentiary hearing; and (5) motion to appoint counsel should be stricken from the record.

IT IS HEREBY ORDERED that Petitioner's Motion for Relief from Judgment **[Doc. #53-1, filed August 8, 2005**) is **STRICKEN** from the record.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to File Amended Habeas Corpus Petition **[Doc. #56-1, filed August 22, 2005]** is **STRICKEN** from the record.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to File Amended Habeas Corpus Petition (duplicative pleading) **[Doc. #57-1, filed August 22, 2005]** is **STRICKEN** from the record.

IT IS FURTHER ORDERED that Petitioner's Motion for Order to Show Cause **[Doc. #58-1, filed November 14, 2005]** is **STRICKEN** from the record.

IT IS FURTHER ORDERED that Petitioner's Motion for Evidentiary Hearing **[Doc. #59-1, filed November 14, 2005]** is **STRICKEN** from the record.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel **[Doc. [#60-1, filed November 14, 200]** is **STRICKEN** from the record.

                               **s/John Corbett O'Meara**
                               **John Corbett O'Meara**
                               **United States District Judge**

**Dated: March 22, 2006**